IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER, | Cause No. CV 21-55-H-BMM-KLD |
| Plaintiff, | |
| vs. | **ORDER** |
| CONNIE WINNER; CINDY HINER; PAUL REESE; JAMES HURST; MELISSA SCHARF; STEPHANIE PASHA; JIM SALMONSEN; DANIEL WOYDICK; BETH STRANDBERG; and DEAN CHAPEL, | |
| Defendants. | |

Plaintiff John O. Miller ("Miller") brings this action alleging violations of his civil rights under 42 U.S.C. § 1983 as well as claims for relief under state law. Defendants responded to his Amended Complaint on April 22, 2022, by filing a motion to dismiss. Miller responded and, on June 1, 2022, filed a motion for a preliminary injunction. Both motions are fully briefed and ready for decision.

### Defendants' Motion to Dismiss.

Defendants Melissa Scharf ("Scharf"), Stephanie Pasha ("Pasha"), and Jim Salmonsen ("Salmonsen") contend that the Amended Complaint fails to state a claim against them. Miller does not address Scharf's or Pasha's arguments. They

1

are dismissed from the action.

Against Salmonsen, the Amended Complaint alleges that a steep and icy sidewalk caused Miller serious injury when he slipped and fell on it. Miller claims that Salmonsen was well aware of its dangerous condition because he frequently uses it himself and has also received and reviewed numerous reports of injuries staff and prisoners incurred in using it. In the order directing the Clerk to serve the complaint, United States Magistrate Judge Kathleen DeSoto noted that Miller did not appear to state a federal claim against Salmonsen. Judge DeSoto also determined that "a state-law claim, if viable, might raise issues of causation and damages that are common to all defendants." (Order (Doc. 6) at 2.)

Salmonsen is correct that Miller "alleges . . . a negligence claim." (Br. in Supp. (Doc. 17) at 8.) Negligence is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). For that reason, Judge DeSoto correctly noted that Miller does not appear to state a federal claim against Salmonsen. But for two reasons, Salmonsen is not entitled to dismissal.

First, Judge DeSoto stated that Miller does not *appear* to state a federal claim. The appearance may change if he obtains evidence supporting his somewhat conclusory allegation that Salmonsen knew of a high number of complaints about the sidewalk (and knew that inmates had no realistic way to avoid using it).

2

Additional facts might show that Salmonsen was deliberately indifferent to the danger of serious injury to inmates using the sidewalk. *See, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998).

Second, Miller need not state a federal claim against Salmonsen if he states a federal claim against other defendants and his claim against Salmonsen is "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." Related claims may "involve the joinder . . . of additional parties." 28 U.S.C. § 1367(a). Whether Salmonsen was negligent or deliberately indifferent to the danger posed by the sidewalk is, as Salmonsen says, unrelated to whether any other defendant exhibited deliberate indifference to a serious medical need. The defendants will face common issues of whether and to what extent they contributed to causing Miller's injuries, however, if Salmonsen and another defendant are liable to Miller on some basis. Salmonsen fails to level a convincing argument that Section 1367(a) does not apply.[1]

Miller's contentions regarding statutory and nondelegable duties are neither persuasive nor necessary. The Amended Complaint poses fairly straightforward questions: Was Miller injured as a result of deliberate indifference or negligence

---

[1] Salmonsen notes that Miller did not seek medical care until three weeks after his fall. *See* Reply (Doc. 20) at 8 n.1; Am. Compl. (Doc. 13) at 5 ¶ 24. Delay in submitting a request to see a doctor does not necessarily mean Miller did not incur a serious injury requiring treatment when he fell.

on Salmonsen's part? Did Miller have a serious medical need? If so, did Miller receive adequate medical care, or did he suffer inadequate care that caused or exacerbated his injury? And if Salmonsen and at least one other defendant are liable to Miller, were Miller's injuries caused by Salmonsen's conduct and/or by other defendants' conduct?

So far as the parties have shown, a negligence claim against Salmonsen does not raise "a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).[2] The claim against Salmonsen does not "substantially predominate[]" over the federal-question claims. *Id.* § 1367(c)(2). The Court dismisses only the claims against Defendants Scharf and Pasha, not all the federal-question claims. *Id.* § 1367(c)(3). A "compelling reason[]" to decline jurisdiction over the claim against Salmonsen could arise. *Id.* § 1367(c)(4). Salmonsen has not identified any such reason.

The motion to dismiss Miller's claims against Defendant Salmonsen is denied.

## Miller's Motion for Preliminary Injunction.

Miller's motion for a preliminary injunction includes four items. He moves the Court to (1) declare that his spinal injury and "medical diagnosis" constitute a "disability" within the meaning of the Americans with Disabilities Act; (2) order

_____

[2] Neither party discusses Mont. Code Ann. § 2-9-108(2).

4

"the Defendants" to process his request for an accommodation in compliance with Department of Corrections policy; and (3) order Defendant Strandberg to issue a written statement of reasons for granting or denying his request, also in compliance with DOC policy. (*See* Pl. Mot. (Doc. 23) at 2 ¶¶ 1–3.) The accommodation Miller requests is (4) a medical bed and mattress. (*See* Miller Aff. (Doc. 24-2) at 2 ¶ 4.)

Defendants respond that they have followed Department of Corrections policy, that they are accommodating Miller's injury by providing treatment, and that they have "insufficient information" indicating that a medical bed and mattress would relieve Miller's pain. (Resp. (Doc. 25) at 2.)

A pleading is sufficient if it states a claim on which relief *may* be granted. To obtain any relief, including a preliminary injunction, Miller must prove his allegations. Further, "[i]n any civil action with respect to prison conditions," preliminary injunctive relief must, among other things, "be the least intrusive means necessary to correct" the "violation of a federal right." 18 U.S.C. § 3626(a)(2), (a)(1)(B)(ii).[3]

Failure to follow Department of Corrections policy does not violate federal law. Items (2) and (3) among Miller's requests cannot be the least intrusive means

---

[3] Although it is somewhat unusual to find provisions governing civil litigation in Title 18 of the United States Code, this provision is part of the Prison Litigation Reform Act and applies to federal civil actions filed by state prisoners. *See, e.g.*, *Brown v. Plata*, 563 U.S. 493, 499–502 (2011).

to correct the violation of a federal right.

As to items (1) and (4), Miller has not submitted admissible evidence from a competent witness supporting the fact most crucial to his motion: that he will suffer harm unless he receives a medical bed and/or mattress. The Court has equal reason to believe a special mattress would be helpful, or would make no difference, or would cause additional harm. Declaring Miller's injury a "disability" would similarly carry the Court beyond any support offered by the current Record. Without appropriate evidence, the Court has nothing to weigh in the balancing test that, as both parties acknowledge, applies to a motion for a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Apache Stronghold v. United States*, 38 F.4th 742, 751 (9th Cir. 2022).

Miller's submissions certainly suggest a bureaucratic runaround, but he also seems to present unnecessarily legalistic requests through the wrong channels. The medical professionals can probably give both Miller and Strandberg a clear yes or no answer on the mattress. The Court is in no position to do so. Miller's motion is denied.

Accordingly**, IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 16) is **GRANTED** as to Defendants Scharf and Pasha and **DENIED** as to Defendant Salmonsen.

2. Plaintiff's motion for a preliminary injunction (Doc. 23) is **DENIED**.

6

3. Referral of this matter to United States Magistrate Judge Kathleen DeSoto is **RENEWED**.

DATED this 1st day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court