IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>CONNIE WINNER; CINDY HINER; PAUL REESE; JAMES HURST; JIM SALMONSEN; DANIEL WOYDICK; BETH STRANDBERG; and DEAN CHAPEL,<br><br>    Defendants. | Cause No. CV 21-55-H-BMM-KLD<br><br><br>ORDER |

Plaintiff John Miller has filed two motions to compel, a motion to amend the scheduling order, and a motion for sanctions. The motions are fully briefed. The motions to amend for sanctions will be denied. The motions to compel will be granted, in part, and denied, in part, as described below.

**I.    Motions to Compel**

Miller's first motion to compel seeks enforcement of his requests for 1.) "all physical injury Incident Reports recorded and reported and logged into the Montana Department of Corrections "Offender Management Information System" (O.M.I.S.) beginning on November 1, 2014, and ending on March 25, 2022;" and 2.) all workers' compensation claims for MSP staff and contractors over the same

1

time period. (Doc. 35-1 at 7 – 8.)

Defendants respond that these requests are overly broad and unduly burdensome, since historical OMIS records are not digitized, and searching them would entail paper review of tens of thousands of reports. (Doc. 36 at 2.) Defendants make the same argument regarding workers' compensation claims, which are not stored in any centralized fashion at MSP. *Id.*

Miller's second motion to compel requests his entire medical file and related documents. (Doc. 38; Doc 39-1 at 3 – 4, 8 – 9.)) In particular, he contends that the files produced must not be the complete file, because there should or must be more. (Doc. 38.) Defendant responds by stating that parts of the file have been belatedly transmitted, Defendants are continuing to produce, and the time for discovery has not yet expired. (Doc. 43.) With the exception of the requests that Defendants previously described as overly broad, Defendants are continuing to attempt to respond to these requests.

Miller's motions to compel fail to comply with D. Mont. L. R. 26.3(c)(2)(c)(ii), which requires the full text of the response to discovery, not just the requests themselves, though it is unclear from the motions whether Miller has received anything but a verbal response to these requests. In any event, it is apparent that discovery has been slowly and haltingly produced. To the extent that Defendants claim that Miller's medical files have been produced, or are being

produced, there is nothing further for the Court to order. Miller may renew his motion for specific medical records if necessary. If he does, he must comply with the local rules.

As to Miller's requests for injury reports and workers compensation claims, the Court agrees with Defendants, to an extent, that these requests are overly broad and burdensome. Miller seeks documents to demonstrate what Defendant Salmonsen knew and ignored about the condition of the sidewalk. However, injury reports from 2014 that were not routed to Salmonsen's desk will not build that case for Miller. Injury records that do not relate to the condition that Miller contends caused his injury also will not build that case. The lack of digitization of older records makes reviewing those burdensome, though perhaps not overly so.

As such, Defendants are directed to provide Miller digital records related to injuries related to conditions on sidewalks at MSP for the time period for which digital records are available. Defendants are further directed to conduct email searches for Salmonsen's emails going back to 2014 for information related to the condition of sidewalks to determine if there are any responsive documents that would reflect Salmonsen's knowledge. If there are, the Court will consider whether further searches of paper injury reports, based on any new information, should be required.

II.     **Motion for Sanctions**

Miller asserts two grounds for sanctions against defense counsel Zackheim. Zackheim certified that he mailed a copy of his response motion on a date a week before it was actually filed, and the brief was not delivered to Miller until thirteen days after it was filed. (Doc. 44 at 1 – 2.) Miller seeks a fine against Zackheim "for deceitfully certifying the incorrect date of service," and an order to the clerk to send Miller electronic notice of documents filed by Miller.

The Court is satisfied by Zackheim's explanation of the mailing situation. As he points out, his brief was electronically filed on January 27, 2023. There is no reason to disbelieve that as part of the same action, the documents were placed in the mail for Miller. Any subsequent delay in delivery of the mail does not make Zackheim's certification a sanctionable representation to the Court. Miller's motion will be denied.

That said, the prisoner mail system is imperfect. Should Miller receive significantly delayed documents in the future, he should move for enlargement of the time to respond.

### III. Motion to Amend the Scheduling Order

Miller seeks a continuation of the amended pleadings deadline to June 26, 2023, which is also the close of discovery. Miller contends that due to the delay related to Defendants' production and his motions to compel, he needs additional time to file amended pleadings.

The Court finds no reason to amend the schedule at this point. The Court understands Miller's concern. However, any motion to amend filed by Miller can include this argument as warranted. The Court finds no need to amend the schedule absent an actual pending amended pleading.

Accordingly, the Court enters the following:

**ORDER**

1. Plaintiff's motion to amend the scheduling order is DENIED. (Doc. 41.)

2. Plaintiff's motion for sanctions is DENIED. (Doc. 44.)

3. Plaintiff's motions to compel is GRANTED and DENIED, as explained above. (Docs. 34 and 38.)

4. <u>Plaintiff must immediately advise the Court and opposing counsel of any change of address</u> and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 20th day of March, 2023.

> */s/ Kathleen L. DeSoto*
> Kathleen L. DeSoto
> United States Magistrate Judge