IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER,<br><br>   Plaintiff,<br><br>vs.<br><br>CONNIE WINNER; CINDY HINER; PAUL REESE; JAMES HURST; JIM SALMONSEN; DANIEL WOYDICK; BETH STRANDBERG; and DEAN CHAPEL,<br><br>   Defendants. | Cause No. CV 21-55-H-BMM-KLD<br><br>ORDER |

There are two pending motions in this matter, Plaintiff John O. Miller's motion for Rule 11 Sanctions, and his motion for default judgment against Defendant Melissa Scharf. (Docs. 84 and 87.) The motions are fully briefed.

**I. MOTION FOR RULE 11 SANCTIONS**

Miller has moved for sanctions against defense counsel Terisa Oomens, based on Oomens's alleged intentional misrepresentation of the date she mailed Defendants' Answer. (Doc. 84.) The date on Oomens's Certificate of Service was October 27, 2023, but the postmark on the envelope was November 2, 2023. (Doc. 84 at 2; 84-1.) Miller seeks the following relief: order Oomens to deposit her documents directly in the federal mail on the day she signs the certificate of service and warn her for "deliberately falsifying the actual date." (Doc. 85 at 2.)

1

In response, Defense counsel explained the normal procedure in her office, which includes placing documents in the outgoing mailbox, which are then collected by the "State Print and Mail" service. (Doc. 86 at 2.)

As an initial matter, it is not clear that a misstatement on a certificate of service, especially on a document that had otherwise been electronically filed, would merit Fed. R. Civ. P. 11 sanctions. "[T]he meaning of the Rule seems plain: A party who signs a pleading or other paper without first conducting a reasonable inquiry [into whether it is well grounded in fact] shall be sanctioned." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 541 (1991). Counsel would not have to inquire into when she signed the piece of paper. No reason exists to believe that counsel did not do exactly what she said, regardless of how long the document took to reach Miller.

Miller has raised this issue before, and the Court has considered it. (Doc. 49.) There is nothing out of the ordinary in counsel's mailing process. Miller receiving the Answer late worked no prejudice against him, because a responsive pleading is not required. The most important thing, as the Court pointed out previously, is that Miller timely seek extensions when any issues with mailing occur. The Court remains aware that occasionally documents are received from MSP days after they have been signed and dated by inmates. The Court would not consider those signatures malfeasance. For example, Miller signed his Doc. 87 on November 19,

2023, but it was actually filed with the Court on November 20, 2023. (Doc. 87.) Miller's motion for sanctions will be denied.

## II.  MOTION FOR DEFAULT JUDGMENT AGAINST SCHARF

Miller has moved for default judgment against Defendant Melissa Scharf because she has failed to appear or answer his Third Amended Complaint, based on the Court's October 6, 2023 Order. (Doc. 87.) Miller contends that he filed his Third Amended Complaint and added a claim against Melissa Scharf. Miller argues that Scharf should have answered the Third Amended Complaint, despite having been previously dismissed from this suit. (Doc. 88 at 2–3.)

Scharf made a limited appearance to contest the Court's jurisdiction over her and the propriety of entering default against her. (Doc. 89.) Scharf interpreted the Court's Order granting Miller leave to file an Amended Complaint as excluding her, as she previously had been dismissed. (Doc. 89 at 2–8.) Scharf also contends that she has not been properly served with the Third Amended Complaint, and, therefore, the Court lacks jurisdiction over her.

The Court's October 6, 2023 Order granting Miller's motion to amend specifically discussed that amendments seeking to add claims are granted more freely than amendments seeking to add defendants. (Doc. 80 at 3.) Pasha and Scharf were no longer parties to the litigation at that point. The Court previously determined that Miller failed to state claims against Pasha and Scharf. (Doc. 26.) In its October

6, 2023 Order, when the Court referred to "Defendants," it was referring to Defendants who are currently parties to the suit. (Doc. 80.) The Court overlooked Scharf in its statement that Pasha was not required to answer.

Miller did not object when Defendants Scharf and Pasha initially moved to dismiss, and they were dismissed. (Doc. 26.) Miller now asserts that his Third Amended Complaint states new claims against Scharf that merit service. (Doc. 90 at 1–2.) Miller specifically refers to paragraphs 97 and 101 of his Third Amended Complaint as "clearly mak[ing] out claims of Deliberate Indifference and Negligence against Defendants Paul Rees, and Melissa Scharf." *Id.* These paragraphs fail to state constitutional claims against Melissa Scharf. The factual allegations prove insufficient. Paragraph 97 uses conclusory labels in violation of Fed. R. Civ. P. 8, stating only that Scharf and Rees did not schedule an appointment for Miller. (Doc. 81 at 21.) The ensuing paragraphs elaborate the conduct of Rees in conjunction with the appointment, but state nothing further about Scharf. Failure to schedule an appointment, without more, does not constitute a violation of Miller's Eighth Amendment rights.

Miller also points to paragraph 101, which alleges that Rees and Scharf have violated state law statutory duties and were negligent and careless. (Doc. 81 at 22.) Negligent and careless medical care does not violate an inmate's Eighth Amendment rights. "[A] complaint that a physician has been negligent in diagnosing or treating

a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As to the allegations in the Third Amended Complaint, Miller has provided only conclusory labels against Scharf and fails to state a claim. The Court will deny Miller's motion for default judgment. Scharf will not be added back to this suit as a defendant.

Accordingly, the Court orders the following:

1. Miller's Motion for Sanctions (Doc. 84) is **DENIED**.

2. Miller's Motion for Entry of Default Judgment (Doc. 87) is **DENIED**.

3. At all times during this litigation, Miller must keep the Court and counsel apprised of any change of address. Failure to do so may result in dismissal pursuant to Fed. R. Civ. P. 41.

DATED this 10th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court

5