## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER, | Cause No. CV 21-55-H-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CONNIE WINNER, CINDY HINER, PAUL REESE, JAMES HURST, JIM SALMONSEN, DANIEL WOYDICK, BETH STRANDBERG, and DEAN CHAPEL, | |
| Defendants. | |

Defendants move for summary judgment on Plaintiff John Miller's claims for negligence, Eighth Amendment violations, and Equal Protection Clause violations related to his incarceration at Montana State Prison. (Doc. 95.) The motion will be granted.

## I.     GENERAL BACKGROUND

Miller is an inmate at Montana State Prison. Miller alleges that on March 5, 2020, he slipped on an icy sidewalk and was injured. On April 1, 2020, Miller requested medical attention for right leg pain. Over the following two years, Miller received various forms of medical care and diagnoses for his pain, culminating in spinal surgery in 2023.

Miller commenced this action on July 26, 2021. (Doc. 1.) Miller subsequently

amended his Complaint multiple times, ending in the Third Amended Complaint. (Doc. 81.) In it, Miller alleges twelve claims. Count 1 alleges Defendant Salmonsen "fail[ed] to protect" Miller from the icy sidewalk. (*Id.* at 11.) Counts 2 through 5 and 11 are allegations against various defendants for denial of medical care in violation of the Eighth Amendment. (*Id.* at 12–15, 21.) Count 6 is an equal protection claim related to Miller's asserted Americans with Disabilities Act qualification. (*Id.* at 16.) Counts 7 through 10 and 12 are Montana statutory claims. (*Id.* at 17–10, 22.)

## II.     MOTION FOR SUMMARY JUDGMENT

### A.  Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine

issue for trial." *Id*. The Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the nonmoving party's favor when deciding a motion for summary judgment. *Id*. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

### B. Analysis

#### 1. Failure to Protect

Miller alleges that Defendant Salmonsen violated his "Constitutional right to personal safety by deliberately and indifferently allowing an unsafe condition to exist at Montana State Prison." (Doc. 81 at 11.) Specifically, Salmonsen was deliberately indifferent to the safety of prisoners because of the ice that accrued on a section of sidewalk.

Defendants assert that Miller failed to exhaust his administrative remedies regarding this claim, the walkway was not hazardous, Salmonsen was not personally aware of the walkway situation, and Salmonsen is entitled to qualified immunity. (Doc. 96 at 11.) The issue of exhaustion proves determinative, but even if the Court considers the merits, Defendants are entitled to summary judgment.

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). As such, the Court will analyze the failure to exhaust defense first. The Prison Litigation Reform Act's ("PLRA") exhaustion requirement states:

[n]o action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524–25 (2002); *Booth v. Churner*, 532 U.S. 731, 736 (2001). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 93–97 (2006). Exhaustion is mandatory. *Booth*, 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The defendant bears the burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed, and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218. Montana State Prison has a grievance procedure, found in

4

MSP Operation Procedure 3.3.3. (Doc. 96 at 12; 97-6 at 2.) There are timelines for properly submitting grievances. MSP OP 3.3.3(III)(D). "If an inmate fails to advance to the next level of the grievance program within the stated time limit, he will be considered to have forfeited the opportunity to exhaust his administrative remedies under the inmate grievance program." MSP OP 3.3.3(III)(D)(5).

Defendants rely on the Affidavit of Defendant Salmonsen to establish that Miller did not grieve the issue of the icy sidewalk. (Doc. 97-6 at 2.) Miller objects that he did grieve the issue, at least tangentially, weeks later. (Doc. 99 at 2.) Miller contends, in effect, that since he had already slipped on the ice, there was no point in further grieving the issue, since "the prison does not have a time machine that inmates can use to go back in time and start a Grievance to address an injury they could not possibly foresee." (Doc. 99 at 3.)

Miller's claim that he did not need to grieve the icy sidewalk because his accident had already occurred lacks merit. *Porter,* 534 U.S. at 532 ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") The grievance procedure process exists not solely for the purpose of remedying the wrong done to an individual, but also for general operational reasons and to prevent future occurrences. Miller himself

accuses Salmonsen of disregarding a known risk, yet if an inmate does not grieve the problem, how would the risk be known?

Miller fails to establish that he grieved this claim, or that there is good cause for his failure to do so. The analysis could end there. On the merits, however, Miller's slip on the ice does not rise to the level of a constitutional violation. Negligence, the usual characterization of a slip and fall claim, proves insufficient to state an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A "mere lack of due care" does not violate the Constitution. Rather, Miller "must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016); *Jackson v. State of Arizona,* 885 F.2d 639, 641 (9th Cir. 1989) (holding that slippery floors, by themselves do not constitute cruel and unusual punishment).

Miller must show that prison officials knew of and disregarded a "substantial risk of harm" regarding the icy sidewalk. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Miller tries to do so by claiming that Salmonsen was aware of other instances where people had slipped on the same stretch of ice, but his claim is belied by the facts as established by Defendants. Salmonsen may have known that some few individuals had slipped in that area, but the record shows that hundreds of inmates and staff pass that way each day. (Doc. 97 at 5.) Further, Montana State Prison has a well-developed plan for clearing ice and snow when necessary. (Doc.

97 at 2–5). Finally, Montana State Prison is in Montana, where winters are frequently inclement. Any individual can be aware that slipping is a risk that cannot be mitigated 100% for all pedestrians.

"Not every deviation from ideally safe conditions amounts to a constitutional violation." *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985). Claims arising from "'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). Federal courts repeatedly have found that prison slip and fall claims do not rise to the level of a civil rights violation under the Eighth Amendment. *See, e.g., Pyles v. Fahim*, 771 F.3d 403, 410, n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement").

Miller simply has failed to establish that special circumstances exist related to him that would convert a mere slippery sidewalk into a possible constitutional violation. *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998). Given the Montana State Prison's diligent snow management program and the innate hazards of winter in Montana, Miller has failed to establish that Salmonsen was deliberately indifferent to a high risk of injury to Miller. Defendants are entitled to summary judgment.

2. Medical Care

Defendants claim that Miller received constitutionally adequate medical care

related to both any injury due to his fall and other unrelated conditions. (Doc. 96 at 22.) Miller's response focuses mostly on the delay that he perceived between his complaints and what he considered a sufficient response. (Doc. 99 at 8–9.) In particular, Miller blames Defendant Rees for failing to respond properly to Miller's claims of pain. (*Id.* at 8.)

Lack of medical care in a prison context may give rise to an Eighth Amendment claim. A prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs," to sufficiently state a § 1983 claim for failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). The Ninth Circuit employs a two-prong test for deliberate indifference to medical needs. A plaintiff first must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). A plaintiff then must show "the defendant's response to the need was deliberately indifferent." *Id.*

Deliberate indifference is a "high legal standard," *Toguchi*, 391 F.3d at 1060, and requires a showing of "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference." *Wilhelm,* 680

8

F.3d at 1122. Such indifference may manifest in two ways. "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104–05). A showing of medical malpractice, negligence, or even gross negligence is insufficient to establish a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 104–05. A difference of opinion is also insufficient, as a matter of law, to establish deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants' Statement of Undisputed Facts details Miller's treatment over the course of three years. (Doc. 97 at 6–28.) The Statement is supported by hundreds of pages of medical records and the Affidavit of Defendant Rees, who was involved in Miller's treatment. (Docs. 97-3 and 97-8.) The records credibly establish that Miller has received medical treatment consistently over the last few years, ultimately culminating in surgery that Miller claimed alleviated his back pain. (Doc. 97 at 28.) Miller's Statement of Disputed Facts disputes various facts related to his medical care without providing any evidence in support. (Doc. 100.) Local Rule 56.1(b)(1)(B) requires a party who disputes a fact to "pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to oppose each fact." Miller has failed to successfully dispute the facts in the record

9

that show he received constitutionally adequate medical care. Miller has submitted several documents related to his medical treatment. (Doc. 99-1 at 8–30.) Without identifying why these documents are relevant or how they dispute the thorough and chronological explanation provided by Defendants, however, Miller fails to dispute facts successfully. Defendants are entitled to summary judgment.

### 3.  Equal Protection

Miller's equal protection claim relates to his assertion that he is disabled and that Defendant Beth Strandberg violated his equal protection rights by not submitting his accommodation request, as she had done for others. (Doc. 81 at 16.) Defendants object that Miller did not have a "qualified disability," and thus, he was not entitled to Americans with Disability Act ("ADA") accommodations. (Doc. 96 at 30.)

Miller fails to state an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying any person the equal protection of the laws, with the general objective "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A class-of-one discrimination claim like Miller alleges does not contend that he was wrongly treated based on membership in a protected class, but rather that he was intentionally treated differently from others similarly situated and that there was no rational basis for that different treatment. *Engquist v. Oregon Dep't of Agr.*, 553

U.S. 591, 602 (2008). This theory of liability has not been found to extend to all circumstances. *Id.* To succeed on a class-of-one claim, Miller bears the burden to prove: (1) he has been intentionally treated differently than others similarly situated; and (2) no rational basis exists for the difference in treatment. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). A class-of-one plaintiff also must show that the difference in treatment resulted from non-discretionary state action. *Engquist*, 553 U.S. at 603. For two reasons, Defendants are entitled to summary judgment on Miller's claim.

First, Miller has not established that he is disabled. Miller has provided no evidence to support his conclusion that he is disabled or entitled to ADA accommodations. The record shows that he has suffered from pain and undergone different types of medical treatment. The committee that assessed his needs for special medical accommodations concluded, however, that he did not qualify for them. (Doc. 97 at 16–17.) Miller has not provided any countervailing evidence or assessment.

Second, Miller has not established that he has been treated differently from other similarly disabled inmates. The Equal Protection Clause requires Miller to provide evidence of other similarly situated persons who were *in fact* treated differently. *Jennings v. City of Stillwater,* 383 F.3d 1199, 1213–14 (10th Cir. 2004) (finding that it is imperative for a class-of-one plaintiff to provide a "specific and

11

detailed account" of other individuals' preferred treatment so that the court may determine "who was similarly situated with whom") (internal quotations omitted). Miller asserts that he has been treated differently from other disabled persons, but he has not provided any support for the conclusion that Defendant Strandberg treated any other individual differently. Miller has stated only a conclusion regarding Strandberg's choice not to submit his request but has not established that her decision not to do so treated him differently from any other similarly situated inmate, or that she violated the ADA or the Equal Protection Clause.

Defendants are entitled to summary judgment on Miller's equal protection claim.

### 4. Statutory Claims

Because Defendants are entitled to summary judgment on Miller's federal law claims, the Court declines to exercise its supplemental jurisdiction over Miller's state law claims. 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims'" (citation omitted)).

## III.   CONCLUSION

Based on the undisputed facts in the record before it, the Court concludes that Defendants are entitled to summary judgment on all of Plaintiff's claims.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Motion for Summary Judgment (Doc. 95) is **GRANTED**.

2.      The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58 and is directed to close this case.

3.       The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 15th day of August, 2024.

_____
Brian Morris, Chief District Judge
United States District Court